UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DANDE, INC., | ) |
|     Plaintiffs, | ) |
| vs. | ) Case No. 1:08CV113 CDP |
| C.A.T., INC., et al., | ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Dande, Inc. filed this breach of contract suit in Missouri state court and defendants removed to this Court. Defendants have filed motions to dismiss for failure to state a claim and for lack of personal jurisdiction. Because I am unable to determine from the parties' submissions whether jurisdiction over C.A.T., Inc. is proper, I will schedule an evidentiary hearing on this issue.

Dande has named two defendants in this case. The first of these is C.A.T., Inc. The second is listed by Dande as "Canadian American Transportation, C.A.T. 2000, Inc." Defendants claim that this second party was improperly named in the complaint, and is actually "C.A.T. Logistique, Inc." Both defendants are Canadian corporations.

With respect to C.A.T. Logistique, it appears both from the complaint and the parties' briefs that Dande has sued the wrong corporation. C.A.T. Logistique

is not mentioned anywhere in the complaint.  C.A.T. 2000, Inc. is listed only in the caption of the complaint and nowhere else.  Furthermore, C.A.T. 2000 was not a party to the contract that forms the basis for Dande's suit.  Dande has made no allegation against C.A.T. 2000 or C.A.T. Logistique about anything.  Therefore, I will grant C.A.T. Logistique's motion to dismiss.

With respect to C.A.T., Inc., the issues raised by the motion to dismiss are more complex.  The parties agree that C.A.T., Inc. was a party to the signed agreement that forms the basis for this dispute.  C.A.T., Inc. argues, however, that it is a Canadian corporation with no relation to Missouri and no minimum contacts with this state.

Dande has filed a number of affidavits in support of its opposition to C.A.T., Inc.'s motion to dismiss.  These affidavits purport to establish that C.A.T., Inc. has minimum contacts with Missouri, that several C.A.T., Inc. employees have made numerous trips to Missouri, and that C.A.T., Inc. is the corporate alter-ego of C.A.T. America, Inc. – a corporation based in Sikeston, Missouri that plaintiffs have not sued.  Some of these affidavits are signed by Dande employees, and it is unclear how these individuals have personal knowledge of the subjects to which they attest.  Other affidavits are signed by former employees of C.A.T. America, Inc. who claim that C.A.T. America, Inc. was at all times controlled by and was the alter-ego of C.A.T., Inc.  On the record before me, I cannot determine

whether statements from these former employees are credible or whether jurisdiction over C.A.T., Inc. is proper. I will therefore hold an evidentiary hearing . At this hearing, plaintiff should produce evidence demonstrating either that C.A.T., Inc. has minimum contacts with Missouri, or that C.A.T., Inc. is in fact the alter-ego of C.A.T. America, Inc., such that piercing the corporate veil for jurisdictional purposes is proper.

Accordingly,

**IT IS HEREBY ORDERED** that defendant C.A.T. Logistique, Inc.'s motion to dismiss [#5] is GRANTED.

**IT IS FURTHER ORDERED** that an evidentiary hearing on C.A.T. Inc.'s motion to dismiss [#7] is scheduled for **Thursday, October 2, 2008 at 10:30 a.m.** in the Southeastern Division, Rush Hudson Limbaugh, Sr., United States Courthouse.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2008.